**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 99-60514
Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**LISA BROWN WOODARD,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court
for the Southern District of Mississippi
(3:99-CR-28-1-LS)**

_____

May 12, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Lisa Brown Woodard appeals her conviction, by a jury, for bank robbery, in violation 18 U.S.C. § 2113(a), and using a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1).

Woodard maintains the evidence was insufficient because at trial, none of the witnesses to the robbery could identify her as the robber. The witnesses were unable to do so; but, identity may be proved through circumstantial evidence. *E.g., United States v. Guerrero*, 169 F.3d 933, 941 (5th Cir. 1999).

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The evidence was more than sufficient. Examples follow. The witnesses' descriptions of the robber closely resemble Woodard. Moreover, all three had been able to see the license plate on the car that the robber was driving. That car belonged to Woodard's sister, and Woodard admitted to investigators that she was driving the car in the vicinity of the bank on the morning of the robbery. Additionally, glasses and a coat, similar to those worn by the robber, were recovered from a van belonging to Woodard's husband. Moreover, Woodard's brother, paroled from prison shortly before the robbery, testified that, approximately two weeks before the robbery, Woodard told him of her plans to rob the bank. Finally, Woodard's brother took an FBI Agent to the location where he claimed he, Woodard, and others burned evidence of the robbery. FBI agents recovered paperclips, which were later identified as being similar to the ones used by the bank to clip money together.

Woodard's contention that the Government violated her due process rights by failing to disclose evidentiary items in a timely manner is conclusional and frivolous. She has not remotely shown how any of the allegedly withheld evidence was exculpatory or material. *See* **Brady v. Maryland**, 373 U.S. 83, 87-88 (1963); **United States v. Bagley**, 473 U.S. 667, 674-75 (1985).

*AFFIRMED*